UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID FLYNN,
                    Plaintiff

v.                                                      Civil Action No. 1:21-cv-10256-IT

MICHAEL J. WELCH, JIM FORREST, and
STEPHEN TRAISTER,
                    Defendants

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME Defendants Michael J. Welch, Jim Forrest and Stephen Traister ("Defendants"), by and through its undersigned counsel, and responds to the numbered paragraphs in Plaintiff David Flynn's ("Plaintiff") Complaint ("Complaint") and states affirmative defenses, as follows.

## JURISDICTION AND VENUE

1.      Paragraph 1 of the Complaint does not contain a statement of fact for which a response is required.

2.      Paragraph 2 of the Complaint does not contain a statement of fact for which a response is required.

## PARTIES

3.      Defendants are without information sufficient to form a belief as to the truth of the allegation in Paragraph 3 of the Complaint, therefore, it is denied.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint does not contain a statement of fact for which a response is required.

## STATEMENT OF FACTS

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that Plaintiff was the head football coach at Dedham High School and received appointments each year to serve as the coach.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit that Plaintiff received his first appointment as head football coach in 2011.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, therefore, they are denied.

15.     Defendants admit the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that a female student joined the JV football team and that a special needs student served as team manager.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, therefore, they are denied.

17.     Defendants deny that all instruction at the Middle School was conducted remotely.  Defendant admit the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, therefore, they are denied.

19.     Defendants admit that, at the time Defendants visited the website, it contained the information alleged in Paragraph 19.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, therefore, they are denied.

20.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, therefore, they are denied.

21.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, therefore, they are denied.

22.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, therefore, they are denied.

23.     Defendants state that the October 14, 2020 email referenced in Paragraph 23 of the Complaint speaks for itself.

24.     Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, therefore, they are denied.

25.     Defendants admit the allegations in Paragraph 25 of the Complaint.

26.     Defendants admit the allegation in Paragraph 26 of the Complaint.

27.     Defendants state that the October 23, 2020 email referenced in Paragraph 27 of the Complaint speaks for itself.

28.     Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, therefore, they are denied.

29.     Defendants admit that Plaintiff's children were removed from the Dedham school system.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 29 of the Complaint, therefore, it is denied.

30.     Defendants admit that Plaintiff received a yearly appointment as football coach. Defendants deny the remaining allegations in Paragraph 30 of the Complaint, as well as any characterizations of such allegations.

31.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, as the allegations relate to Plaintiff's state of mind.  Defendants admit that it communicated with Plaintiff about the 2021 football season. Defendants further admit that Plaintiff was asked to work at Dedham High School athletic events.

32.     Defendants admit that Plaintiff met with Defendants on January 20, 2021 and discussed the October 23, 2020 email.  Defendants deny the allegation in Paragraph 32 that Defendant Welch stated that School Committee Member Briggs asked him "what are we going to do about this?"

33.     Defendants admit the allegation in Paragraph 33 of the Complaint.

34.     Defendants admit that there was a letter sent to football players and families. Such letter speaks for itself.  Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, therefore, they are denied.

## COUNT I

37.     Defendants restate and reincorporate their responses to Paragraphs 1-36 of the Complaint.

- 4 -

38.     Paragraph 38 of the Complaint states a conclusion of law, to which no response is required.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, therefore, they are denied.

## COUNT II

44.     Defendants restate and reincorporate their responses to Paragraph 1-43 of the Complaint.

45.     Paragraph 45 of the Complaint states a conclusion of law, to which no response is required.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, therefore, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.[1]

### SECOND AFFIRMATIVE DEFENSE

Even if Defendants' actions were in violation of Plaintiff's constitutional rights, Defendants' actions were protected by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Even if Defendants' actions were in violation of Plaintiff's constitutional rights, Defendants had a superseding state interest in making the decision that is at issue in this Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendants reserves their right to add such additional affirmative defenses as may become evidence during the course of discovery.

---

[1] By pleading any matter as a defense, Defendants do not concede that they bear the burden of proof with regard to such matter.

Respectfully submitted,

MICHAEL J. WELCH, JIM FORREST, STEPHEN
TRAISTER

By their attorney,

/s/ Brian E. Lewis
Brian E. Lewis, Esq. (BBO #643717)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Date:   March 23, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 23, 2021.

/s/ Brian E. Lewis
Jackson Lewis, P.C.

4850-2863-4593, v. 1